**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**KAELIN S. DAVIS, Esq. (SBN 340028)**
Email: KDavis@imwlaw.com
**DARRYL A. MEIGS, Esq. (PL-449830)**
Email: DMeigs@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552
Attorneys for Plaintiff, CANELA CIFUENTES CATALAN

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANELA CIFUENTES CATALAN, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>Warden JAMES S. HILL, individually and in his official capacity; THE STATE OF CALIFORNIA acting by and through  THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; a California Public Entity; DOE OFFICER 1; individually and in his official capacity; and DOES 1 through 100, inclusive,<br><br>         Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Excessive Force, Sexual Assault)**<br><br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br><br>3. **Violation of Civil Rights (42 U.S.C. §§ 1983, 1988) (Based on Failure to Intervene to Prevent Civil Rights Violations)**<br><br>4. **Battery (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)**<br><br>5. **Sexual Battery (Cal. Civil Code § 1708.5)**<br><br>6. **Negligence (Cal. Government Code §§ 815.2(a), 820(a))**<br><br>7. **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF CANELA CIFUENTES CATALAN, individually, who allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants THE STATE OF CALIFORNIA acting by and through the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DOE OFFICER 1, and DOES 1 through 100, Inclusive, (collectively herein "Defendants") for violating various rights under the United States Constitution and state law in connection with Defendants' egregious and unlawful April 7, 2021 sexual assault of PLAINTIFF CANELA CIFUENTES CATALAN (sometimes referred to as "Plaintiff" or "MS. CIFUENTES ") resulting in unlawful violation of Plaintiff's constitutional rights, in addition to Plaintiff's serious, ongoing mental, physical, and emotional damages, pain and suffering in an amount to be determined at trial.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

## PARTIES

4.     Plaintiff CANELA CIFUENTES CATALAN (hereinafter "MS. CIFUENTES" or "Plaintiff") is a transgender woman and inmate residing in the State of California, County of Los Angeles. At all relevant times, MS. CIFUENTES was incarcerated at the California Institution for Men (hereinafter "CIM"), a men's prison located at 14901 Central Avenue, Chino, California 91710.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

5.     Defendant Warden JAMES S. HILL (hereinafter "HILL") is and at all times relevant was the Warden of the CIM. HILL is sued in his official capacity as Warden of CIM.

6.     Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION (hereinafter "Defendant CDCR" is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California. Defendant CDCR is, and at all relevant times mentioned herein was, a public entity and a department of the Defendant STATE OF CALIFORNIA (hereinafter "STATE").

7.     Defendant DOE OFFICER 1 is a Correction Officer and at all relevant times mentioned herein was an individual residing in the State of California. At all times relevant to the acts and omissions alleged herein, the heretofore Defendant DOE OFFICER 1 was duly appointed, and acting guard employed by Defendant CDCR and the STATE of CALIFORNIA at CIM at Chino and was acting under color of state law and within the course and scope of his employment when Defendant CDCR and the STATE of CALIFORNIA.

8.     Plaintiff is informed, believes, and thereon alleges that the heretofore unknown Defendant DOE Correction Officers are, and at all relevant times mentioned herein were, individuals residing in the State of California. At all times relevant to the acts and omissions alleged herein, the heretofore unknown Defendant DOE Correction Officers were duly appointed, and acting guards, supervisors, medical doctors, and nurses employed by Defendant CDCR and the STATE OF CALIFORNIA at CIM at Chino and were acting under color of state law and within the course and scope of their employment with Defendant CDCR and the STATE OF CALIFORNIA.

9.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

10.    Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

11.    Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.    The Claim for Damages was timely filed. Pursuant to California Government Code § 910, MS. CIFUENTES first presented to defendant CDCR and the STATE the appropriate claim for damages on or about May 23, 2021. MS. CIFUENTES submitted a second claim for damages on or about July 17, 2021.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.    MS. CIFUENTES is and has been incarcerated at CIM since September of 2016. In April 2021 MS. CIFUENTES was housed in a single cell in the "B" unit. As a transgender woman, MS. CIFUENTES is at particularly high risk for sexual assault and harassment within CIM.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

14.     On April 7, 2021, at approximately 7:45 p.m., MS. CIFUENTES was raped and otherwise sexually assaulted by Defendant CDCR corrections officer and sworn peace officer, DOE OFFICER 1.

15.     DOE OFFICER 1 entered MS. CIFUENTES' one-woman cell and made sexual demands for sexual acts including but not limited to, oral copulation. DOE OFFICER 1 then forced MS. CIFUENTES to orally copulate his penis and genitalia, without her consent.

16.     MS. CIFUENTES was forced to perform oral copulation on DOE OFFICER 1 until he ejaculated semen onto MS. CIFUENTES person and clothing. Eventually, medical examination was conducted which confirmed that the collected sample left on MS. CIFUENTES clothing belonged to DOE OFFICER 1 who had committed the sexual assault.

17.     On April 7, 2021 corrections officer and sworn peace officer, DOE OFFICER 1 was in his full official uniform and on duty within the confines of the CIM at all times during the sexual assault of MS. CIFUENTES. Acting under color of law and possessing badges of authority, DOE OFFICER 1's physical appearance and vocal tone throughout the encounter conveyed to MS. CIFUENTES that his requests were an order.

18.     Scared and in fear for her life and imminent bodily harm, MS. CIFUENTES complied with DOE OFFICER 1's commands.

19.     Following DOE OFFICER 1's sexual assault on MS. CIFUENTES, she immediately informed other Defendant DOE Officers at the CDCR on April 8, 2021.

20.     MS. CIFUENTES requested that CDCR officers take her to a hospital to have a rape kit/sexual assault forensic examination performed, but the officers and staff employed by CDCR told her that it would take time to process her request and she must not eat or drink anything before the evidence was collected. Officers and staff employed by CDCR further informed MS. CIFUENTES that consumption of food or beverages, including water, could contaminate evidence within her body.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

21.     On information and belief, CDCR officers and staff intentionally delayed reporting and transporting MS. CIFUENTES to a hospital for the sexual assault forensic examination knowing that eventually she would have to eat or drink.

22.     After refraining from eating or drinking for approximately twenty-four (24) hours, MS. CIFUENTES could no longer refrain from drinking water. MS. CIFUENTES agreed to sign a waiver to forgo the rape kit/sexual assault forensic examination so that she could drink.

23.     MS. CIFUENTES is also informed that CDCR officers and staff delayed transportation to a facility for the purpose of undergoing a sexual assault examination and/or gave her incorrect information so that she would ultimately agree to waive the forensic examination so that forensic evidence of the sexual assault would not be collected.

24.     Following MS. CIFUENTES' reports of sexual assault, she was transferred to solitary confinement for at least three days in retaliation for reporting the sexual assault committed by CDCR DOE OFFICER 1.

25.     After spending three nights in solitary confinement, MS. CIFUENTES was transferred to the "C" unit. The "C" unit is known for housing at least one violent sexual predator. MS. CIFUENTES is informed and believes that CDCR officers placed her in "C" unit with a violent sexual predator in retaliation for reporting the sexual assault committed by DOE OFFICER 1.

26.     On MS. CIFUENTES first night in "C" unit, her cellmate pulled back her bed covers and said that he had never "been with a transgender" before. MS. CIFUENTES' cellmate then attempted to sexually assault her.

27.     As of the date of this complaint, MS. CIFUENTES is still housed in "C" unit where she is continuously harassed and assaulted by other inmates.

28.     As a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has suffered physical, mental and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance,

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

29.     Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

30.     As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

## FIRST CAUSE OF ACTION

**(By Plaintiff CANELA CIFUENTES CATALAN Against Defendant DOE OFFICER 1 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Excessive Force Sexual Assault for Forcible Oral Copulation)**

31.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

32.     This cause of action is set forth herein to redress the deprivation, under color or statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States.

33.     Upon information and belief, Defendant CDCR and STATE employed the individual Defendants named herein, including Defendant DOE OFFICER 1. Defendant CDCR provided its individual employees and agents, including the Defendant DOE OFFICER 1, with official badges and identification cards that designated and described the bearers as employees of Defendant CDCR and STATE.

34.     Upon information and belief, at all times relevant to the acts and omissions alleged herein, the Defendant DOE OFFICER 1 and Defendant DOE Officers were employed by Defendant CDCR and STATE and were acting under color of state law and within the course and scope of their employment with Defendant CDCR and STATE.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

35.     At approximately 7:45 p.m. on April 7, 2021, MS. CIFUENTES was sexually assaulted by Defendant DOE OFFICER 1 in her one-woman cell at CIM. DOE OFFICER 1 then forced MS. CIFUENTES to orally copulate his penis and genitalia, without her consent.

36.     MS. CIFUENTES was forced to perform oral copulation on DOE OFFICER 1 until he ejaculated semen onto MS. CIFUENTES person and clothing. Eventually, medical examination was conducted which confirmed that the collected sample left on MS. CIFUENTES clothing belonged to DOE OFFICER 1 who had committed the sexual assault.

37.     Upon information and belief, Defendant DOE OFFICER 1 acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive MS. CIFUENTES of her federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE OFFICER 1 in an amount to be proven at the trial of this matter.

38.     As a further direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES was placed in great fear for her life and physical wellbeing and has suffered and continues to suffer extreme and severe mental anguish, as well as great mental and physical pain and injury all to her damage in a sum to be determined at trial.

39.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

40.     Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

41.     As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

42.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

**(By Plaintiff CANELA CIFUENTES CATALAN Against Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and STATE for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Policy, Practice or Custom)**

43.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

44.     This cause of action is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to MS. CIFUENTES by the Fourth Amendment to the United States Constitution.

45.     Upon information and belief, at all times mentioned herein, Defendant CDCR employed the individual Defendants named herein, including Defendant DOE OFFICER 1 and DOE Officers. Defendant CDCR provided its individual employees and agents, including the Defendant DOE OFFICER 1 and DOE Officers, with official badges and identification cards that designated and described the bearers as employees of Defendant CDCR and the STATE.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

46.    Upon information and belief, at all times relevant to the acts and omissions alleged herein, Defendant DOE OFFICER 1 and DOE Officers were employed by Defendant CDCR and the STATE and were acting under color of state law and within the course and scope of their employment with Defendant CDCR and the STATE.

47.    As set forth in the foregoing paragraphs of this Complaint, the Defendants DOE OFFICER 1 and DOE Officers, while acting under the color of state law and within the course and scope of their employment with Defendant CDCR and STATE, violated the Fourth Amendment rights of MS. CIFUENTES by acts which included, but were not limited to, forcing MS. CIFUENES to perform oral copulation on Defendant DOE OFFICER 1 and denial of a rape kit/sexual assault forensic examination.

48.    As described in the Complaint, the sexual assault of MS. CIFUENTES was an unconstitutional display of excessive force and a violation of MS. CIFUENTES' Fourth Amendment right to be free from unwanted sexual assault.

49.    MS. CIFUENTES is informed, believes and thereon alleges that Defendant DOE OFFICER 1's sexual assault and Defendant DOE Officers' failure to intervene, prevent or provide aide to MS. CIFUENTES demonstrated that the training policies of Defendant CDCR and STATE were not adequate to train officers to handle the situations with which they must deal, as evidenced by the following specific acts and omissions of the Defendant DOE Officers in response to the incident that occurred on or about April 7, 2021:

  a.    Failure to provide adequate training and supervision to address the risk of transgender inmates being assaulted by male guards. Defendant CDCR and STATE knew, or should have known, that even though sexual assault is unlawful that certain male prison guards had propensities for abusing their authority and sexually assaulting transgender inmates, such as MS. CIFUENTES, who were highly vulnerable. In light of this actual and/or constructive knowledge, CDCR and STATE knowingly and with deliberate indifference to the rights of transgender inmates failed to take adequate steps

to ensure that male prison guards did not sexually abuse, including increased monitoring and supervision of guards and safe procedures for transgender inmates to report abuse by guards. Defendants' acts and omissions violated the rights of MS. CIFUENTES under the Due Process and Equal Protection Clauses of the Fourteenth Amendment;

b. Failure to adequately discipline, monitor and supervise officers or employees involved in misconduct;

c. Failure to adequately investigate uses of sexual assault and misconduct by officers or employees;

d. Selection, retention, and assignation of officers and employees with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

e. Condonation and encouragement of officers in the belief that they can violate the rights of persons, such as MS. CIFUENTES, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

f. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint and, in particular, the ratification of the sexual assault of MS. CIFUENTES and the denial of adequate medical care to her.

50.    MS. CIFUENTES is informed, believes and thereon alleges that, at all times herein mentioned, Defendants CDCR, STATE, the relevant policy maker, and relevant State officials, whether named or unnamed certain Does maintain or tolerate unconstitutional customs, practices, and policies that facilitated the deprivation of MS. CIFUENTES rights under the Fourth, Eighth, and Fourteenth Amendment including her rights to due process and Equal Protection, as alleged above.

51.    Defendants CDCR and STATE had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

these policies, practices, and customs with respect to the constitutional rights of MS. CIFUENTES and other wards similarly situated.

52.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

53.     Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

54.     As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

55.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, CDCR and STATE, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

**(By Plaintiff CANELA CIFUENTES CATALAN Against Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION and STATE for Violations of Civil Rights [42 U.S.C. §§ 1983, 1988])**

**(Based on Failure to Intervene to Prevent Civil Rights Violations)**

56.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57.     At all times relevant, certain individual Doe defendants were present and were charged with the constitutional duties of protection of MS. CIFUENTES and were

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

charged with the duty to not knowingly, with wanton disregard, cause her life, health, and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to MS. CIFUENTES posed by DOE OFFICER 1.

58.    Each said defendant had ample and reasonable sufficient time and opportunity to so intervene and prevent MS. CIFUENTES injuries, and was compelled to do so as an officer and/or employee under the laws of the state of California and United States Constitution. In deliberate indifference to the welfare of MS. CIFUENTES, each said defendant intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

59.    As a result, MS. CIFUENTES' rights under the Fourth, Eight and Fourteenth Amendments to the U.S. Constitution were violated and MS. CIFUENTES sustained the injuries and damages alleged herein.

60.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

61.    Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

62.    As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

63.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, CDCR and STATE, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### (By Plaintiff CANELA CIFUENTES CATALAN Against All Defendants for Battery [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])

64. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

65. All claims asserted herein against Defendant CDCR and STATE are presented pursuant to Defendant CDCR and STATE's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815(a) and 820(a).

66. At approximately 7:45 p.m., on April 7, 2021 MS. CIFUENTES was raped and otherwise sexually assaulted by Defendant DOE OFFICER.

67. DOE OFFICER 1 entered MS. CIFUENTES' one-woman cell and made sexual demands for sexual acts including but not limited to, oral copulation. DOE OFFICER 1 then forced MS. CIFUENTES to orally copulate his penis and genitalia, without her consent.

68. MS. CIFUENTES was forced to perform oral copulation on DOE OFFICER 1 until he ejaculated semen onto MS. CIFUENTES person and clothing. Eventually, medical examination was conducted which confirmed that the collected sample left on MS. CIFUENTES clothing belonged to DOE OFFICER 1.

69. On April 7, 2021, DOE OFFICER was in his full official uniform and on duty within the confines of the CIM at all times during the sexual assault of MS. CIFUENTES. Acting under color of law and possessing badges of authority under the course and scope of his employment with Defendant CDCR and STATE.

70. Scared and in fear for her life, MS. CIFUENTES complied with DOE OFFICER 1's commands.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

71.     Defendant DOE OFFICER 1 touched MS. CIFUENTES and caused MS. CIFUENTES to be touched with the intent to harm and offend her.

72.     At no time did MS. CIFUENTES consent to the touching.

73.     A reasonable person in MS. CIFUENTES' situation would have been offended by the touching.

74.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

75.     Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

76.     As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

77.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### (By Plaintiff CANELA CIFUENTES CATALAN Against All Defendants for Sexual Battery [Cal. Government Code § 1708.5])

78.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

79.   California Civil Code § 1708.5 prohibits any person from committing a sexual battery against another person.

80.   All claims asserted herein against Defendant CDCR and STATE are presented pursuant to Defendant CDCR and STATE's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815(a) and 820(a).

81.   At approximately 7:45 p.m., on April 7, 2021 MS. CIFUENTES was raped and otherwise sexually assaulted by Defendant DOE OFFICER.

82.   DOE OFFICER 1 entered MS. CIFUENTES' one-woman cell and made sexual demands for sexual acts including but not limited to, oral copulation. DOE OFFICER 1 then forced MS. CIFUENTES to orally copulate his penis and genitalia, without her consent.

83.   MS. CIFUENTES was forced to perform oral copulation on DOE OFFICER 1 until he ejaculated semen onto MS. CIFUENTES person and clothing. Eventually, medical examination was conducted which confirmed that the collected sample left on MS. CIFUENTES clothing belonged to DOE OFFICER 1.

84.   On April 7, 2021, DOE OFFICER 1 was in his full official uniform and on duty within the confines of the CIM at all times during the sexual assault of MS. CIFUENTES. Acting under color of law and possessing badges of authority under the course and scope of his employment with Defendant CDCR and STATE.

85.   Scared and in fear for her life, MS. CIFUENTES complied with DOE OFFICER 1's commands.

86.   DOE OFFICER 1 acted with intent to cause harmful or offensive contact with an intimate part of MS. CIFUENTES when he forced her to orally copulate his penis and genitalia.

87.   DOE OFFICER 1 intentionally and spitefully committed the above acts of sexual battery against MS. CIFUENTES.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

88.   The conduct of DOE OFFICER 1 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MS. CIFUENTES and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICER 1.

89.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

90.   Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

91.   As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

92.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, CDCR and STATE, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### (By Plaintiff CANELA CIFUENTES CATALAN Against All Defendants for Negligence [Cal. Government Code §§ 815.2(a), 820(a)])

93.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

94.   All claims asserted herein against Defendant CDCR and STATE are presented pursuant to Defendant CDCR and STATE's vicarious liability for acts and

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815(a) and 820(a).

95.   As an officer working at CDCR, DOE OFFICER had a duty to supervise and look after all inmates, including transgender inmates at the CIM.

96.   DOE OFFICER 1 breached his duty by sexually assaulting MS. CIFUENTES on April 7, 2021 at approximately 7:45 p.m.

97.   As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

98.   Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

99.   As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

100.   As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION

### (By Plaintiff CANELA CIFUENTES CATALAN Against All Defendants for Intentional Infliction of Emotional Distress)

101.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 100 of this Complaint with the same force and effect as if fully set forth herein.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

102. All claims asserted herein against Defendant CDCR and STATE are presented pursuant to Defendant CDCR and STATE's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815(a) and 820(a).

103. DOE OFFICER 1's conduct was outrageous when he entered MS. CIFUENTES' one-woman cell and made sexual demands for sexual acts including but not limited to, oral copulation. DOE OFFICER 1 then forced MS. CIFUENTES to orally copulate his penis and genitalia, without her consent.

104. MS. CIFUENTES was forced to perform oral copulation on DOE OFFICER 1 until he ejaculated semen onto MS. CIFUENTES person and clothing. Eventually, medical examination was conducted which confirmed that the collected sample left on MS. CIFUENTES clothing belonged to DOE OFFICER 1.

105. DOE OFFICER 1 intended to cause MS. CIFUENTES emotional distress and/or acted with reckless disregard of the probability that she would suffer emotional distress.

106. As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES suffered physical, mental, and emotional injuries, including but not limited to intrusive memories of the event, hypervigilance, startle response, anxiety, depression, disturbed sleep, crying spells, racing heartbeat, difficulty concentrating, low energy, low motivation, decreased appetite, and nervousness being around other inmates.

107. Furthermore, as a direct result of the aforementioned acts of Defendants CDCR, its officers, and staff, MS. CIFUENTES has withdrawn from peers and stays in her cell.

108. As a direct result of the aforementioned acts of Defendants CDCR, its officers and staff, MS. CIFUENTES was diagnosed with Post Traumatic Stress Disorder (PTSD) on or about July 12, 2021.

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

109.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE OFFICER 1, MS. CIFUENTES has been required to employ, and did in fact employ, physicians and mental health professionals to examine, treat, and care for her. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

110.    Defendant DOE OFFICER 1's conduct was a substantial factor in causing MS. CIFUENTES' severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory and special damages in an amount according to proof at trial;

2.    For cost of suit incurred herein;

3.    For attorneys' fees incurred herein, as provided by law;

4.    For punitive damages against the individual defendants in an amount to be proven at trial;

5.    For interest;

6.    For mental, emotional, physical past, present and future pain and suffering; and

7.    For such other and further relief as the Court may deem just, proper and appropriate.

Dated: January 10, 2022                    **IVIE McNEILL WYATT PURCELL & DIGGS**

By: _____
**RODNEY S. DIGGS, ESQ.**
Attorney for Plaintiff,
CANELA CIFUENTES CATALAN

IVIE McNEILL WYATT PURCELL & DIGGS
444 South Flower Street, Suite 1800, Los Angeles CA 90071
Telephone (213) 489-0028 | Facsimile (213) 489-0552

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.


Dated: January 10, 2022                    **IVIE McNEILL WYATT PURCELL & DIGGS**


By: _____

**RODNEY S. DIGGS, ESQ.**
Attorney for Plaintiff,
CANELA CIFUENTES CATALAN