ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General
JULIET LOMPA, State Bar No. 140980
Deputy Attorney General
ROBERT HENKELS, State Bar No. 255410
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3365
 Fax:  (415) 703-5843
 E-mail:  Juliet.Lompa@doj.ca.gov
*Attorneys for Defendants California Department of
Corrections and Rehabilitation and J. Hill*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **CANELA CIFUENTES CATALAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES S. HILL, et al.,**<br><br>Defendant. | 5:22-cv-00062-JGB-SP<br><br>**Defendants' *Ex Parte* Application For Order Vacating The Trial Date And Setting A New Pre-Trial Scheduling Order To Hear Defendants' Motion For Summary Judgment;**<br><br>**Or, In The Alternative, For Reconsideration Of The Court's Order Dated 3-1-24 (Ecf No. 89) And To Reset The Hearing Date On Defendants' Motion For Summary Judgment Hearing Before Trial;**<br><br>**And Declaration of Juliet Lompa**<br><br>Judge:        The Hon. Jesus G. Bernal<br>Trial Date:   4/02/2024<br>Action Filed: 1/27/2022 |

## APPLICATION

Defendants J. Hill and California Department of Corrections and

Rehabilitation (CDCR) apply *ex parte* for an order vacating the trial date and

setting a new scheduling order with a new deadline to hear Defendants' motion for

summary judgment, including opposition and reply deadlines. In the alternative,

Defendants apply *ex parte* for reconsideration of the Court's order denying
Defendants' properly noticed motion for summary judgment as moot (ECF No. 89)
and resetting the hearing date on Defendants' motion for summary judgment on
March 18, 2024, and setting Defendants' reply deadline on March 12, 2024, or on
other dates convenient for the Court's calendar.

The Court must grant Defendants' *ex parte* application to avoid irreparable
harm and extreme prejudice to Defendants. Absent *ex parte* relief, Defendants will
be forced to proceed to trial without a ruling on their properly noticed motion for
summary judgment, which includes Eleventh Amendment and qualified immunity
defenses.

Because the Court issued its order on March 1, 2024, and trial is set for April
2, 2024, there is insufficient time to hear this emergency *ex parte* request on a
regularly noticed motion. Plaintiff created this urgency by bringing an *ex parte*
motion to amend her complaint on the eve of trial and after Defendants timely filed
their motion for summary judgment, simply to try to add two new parties (the
Estate of Matthew Sigala and a Doe Officer) before the April 2 trial date. (ECF No.
89.) But the addition of those new parties has no bearing on Defendants' motion for
summary judgment, including whether they are entitled to qualified or sovereign
immunity. Thus, in granting Plaintiff's motion to amend her complaint, the Court
should have not simultaneously denied Defendants' motion for summary judgment
as moot.[1] It was not moot.

As Plaintiff's amended complaint makes clear, it adds no new allegations or
claims other than to swap out the Doe Officer for Matthew Sigala and add the
decedent's estate. Thus, the "amended" complaint is nothing more than a
supplemental complaint to add representative parties for the decedent. More
importantly, the amended complaint does not alter the defenses raised by

---

[1] The Court's March 1, 2024 order vacating the hearing date on Defendants'
motion for summary judgment pre-dated the March 4, 2024 due date for Defendants
to file their Reply papers in support of their motion for summary judgment.

Defendants in their motion. Defendants' counsel does not represent the Estate of

Matthew Sigala and is not authorized to accept service of process for it.

(Declaration of Juliet Lompa (Lompa Decl.), ¶ 4.) In fact, Defendants have not

been provided with any evidence the Estate has been served with the amended

complaint. (*Id*.) Because Defendants' defenses to Plaintiff's complaint do not hinge

on the presence of the decedent's estate, good cause exists to grant Defendants' *ex*

*parte* application to ensure a prompt ruling on their motion for summary judgment

before trial.

  If the Court does not grant relief so that Defendants' properly filed summary

judgment may be heard and receive a substantive ruling, Defendants will suffer

extreme prejudice and be denied their right to have their motion and immunity

defenses to be heard through no fault of their own. After all, Federal Rule of Civil

Procedure 56 explicitly authorized Defendants to move for summary judgment, and

Defendants made such a motion in accordance with the Court's dispositive motion

deadline. If Defendants' motion for summary judgment is successful, it will

conserve resources and obviate the need for a jury trial against them.

  Defendants have complied with Civil Local Rule 7-19. (Lompa Decl., ¶ 6.)

Dated:  March 7, 2024     Respectfully submitted,

             ROB BONTA
             Attorney General of California
             TYLER V. HEATH
             Supervising Deputy Attorney General


             /s/ *Juliet Lompa*
             JULIET LOMPA
             Deputy Attorney General
             *Attorneys for Defendants J. Hill and*
             *California Department of*
             *Corrections and Rehabilitation*

LA2022601085
44088457.docx

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PROCEDURAL HISTORY

On October 19, 2023, Plaintiff prepared and filed a stipulation to continue pre-trial deadlines and the trial date (ECF No. 52), which the Court granted on October 26, 2023. (ECF No. 53.) The revised scheduling order set forth the deadlines for expert witness disclosures, fact discovery cut-off and the dispositive motion hearing cut-off date of February 26, 2024. (*Id.*) Defendants met each of these deadlines. (Lompa Decl., ¶ 2.)

On January 19, 2024, Defendants conducted a meet and confer conference with Plaintiff's counsel pursuant to Local Rule 7-3 regarding the basis for their motion for summary judgment and responded to Plaintiff's counsel's questions. (Lompa Decl., ¶ 3.) Before concluding the conference, Defendants' counsel requested that Plaintiff's counsel contact Defendants' office if Plaintiff was willing to stipulate to any issues or a voluntary dismissal. (*Id.*) Plaintiff did not offer any voluntary dismissals or stipulations. (*Id.*)

On January 26, 2024, Defendants CDCR and Warden Hill filed their motion for summary judgment based on the Eleventh Amendment immunity that California Department of Corrections and Rehabilitation, a state agency, cannot be sued in federal court; that Warden Hill did not personally participate in a constitutional violation or engage in sufficient conduct to cause a constitutional violation to occur; that Warden Hill does not have *respondeat superior* liability for Matthew Sigala's conduct; that Warden Hill is entitled to qualified immunity; and California government officials are entitled to immunity for the tortious conduct of others and cannot be held responsible. (ECF No. 59.) These defenses to Plaintiff's complaint are not contingent on the presence or absence of Matthew Sigala or the Estate of Matthew Sigala in this lawsuit.

On February 1, 2024, over Defendants' objection, the Court granted Plaintiff's *ex parte* application seeking an extension of time to file their opposition

to Defendants' motion for summary judgment. (ECF Nos. 60, 61, 62.) The Court's order pushed out Plaintiff's opposition deadline by 21 days, from February 5, 2024 to February 26, 2024. The Court also continued the hearing date on Defendants' dispositive motion by 14 days, from February 26, 2024 to March 11, 2024, three weeks before trial. (*Id*.)

On February 14, 2024, Plaintiff filed a second *ex parte* application to amend the complaint and substitute Matthew Sigala for Doe Officer 1 and to add the Estate of Matthew Sigala as a defendant. (ECF No. 63.) The basis for Plaintiff's application was that she did not know Matthew Sigala's identity until December 2023. (*Id*.)

Defendants opposed this *ex parte*, because in fact Plaintiff had been in possession of the Matthew Sigala's identity since ***at least*** July 14, 2023, via production of the Office of Internal Affairs documents. (ECF No. 65 at 3.) Additionally, Plaintiff never asked Defendants' counsel for the identity of the Doe defendant officer or served discovery on Defendants asking for this information. (*Id*. at 2.)

On February 16, 2024, the Court ordered Plaintiff to file a response to Defendants' *ex parte* Opposition with a sworn declaration under penalty of perjury stating whether Plaintiff received OIA Report with Matthew Sigala's identity on July 14, 2023 and whether Plaintiff knew the identity of DOE OFFICER 1 at the September 11, 2023, mediation hearing. (ECF No. 66.)

On February 26, 2024, Plaintiff's counsel, Rodney Diggs, submitted a declaration under penalty of perjury admitting Plaintiff received the OIA report on July 14, 2023. (ECF No. 80 at ¶¶ 4, 5.) Plaintiff claimed the production of the OIA report by the Office of the Attorney General was "not authenticated", yet Plaintiff had many months to request authentication in discovery and never did so.

On February 26, 2024, Plaintiff filed her opposition to Defendants' motion for summary judgment. (ECF No. 86.) Defendants immediately began drafting their

reply in support of the motion.

On March 1, 2024, the Court granted Plaintiff's *ex parte* application to amend her complaint to substitute Matthew Sigala for Doe Officer 1 and to add the Estate of Matthew Sigala as a defendant. The Court order also summarily denied Defendants' motion, stating: "Accordingly, the motion for summary judgment is DENIED AS MOOT and the March 11, 2024 hearing date is VACATED." (ECF No. 89.) The order did not provide a specific basis for denying it as moot or setting a continued deadline for Defendants to refile their motion following Plaintiff filing an amended complaint.

When Defendants' properly noticed motion for summary judgment was denied as moot due to the Court's granting Plaintiff's *ex parte* request to amend her complaint to add a new defendant, Defendants thought the trial date would be vacated and the pre-trial trial deadlines would be reset in order to allow for time to serve the new party and to allow Defendants to re-file their motion for summary judgment. (Lompa Decl. ¶ 5.) Defendants learned on March 5, 2024, the court did not intend to continue the trial schedule. (*Id*.) Accordingly, Defendants took immediate action to file this request to protect their rights in this litigation.

On March 6, 2024, Defendants provided Plaintiff with notice of their intent to file this ex parte application. Plaintiff has not indicated whether she opposes this application. (Lompa Decl., ¶ 6.)

## II.    THE COURT MUST GRANT THIS EX PARTE APPLICATION SO DEFENDANTS' DISPOSITIVE MOTION IS HEARD BEFORE TRIAL.

The Court's March 1, 2024 order, without a subsequent order providing for a hearing on Defendants' motion for summary judgment, deprives Defendants of their right to have their dispositive motion heard on the merits.  Fed. R. Civ. P. 56; ECF No. 53.

Where an amended complaint alters the scope of a pending motion for summary judgment, courts may deny the motion as moot without prejudice, subject

1  to re-filing based on the scope of the amended complaint. *See Bacon v. Reyes*, 2013

2  WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as

3  moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*,

4  2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary

5  judgment motions be denied without prejudice to their reassertion after the plaintiff

6  was given leave to amend because the motions for summary judgment were based

7  on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.

8  6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the

9  scope of defendants' now-filed motion for summary judgment, defendants' motion

10  for summary judgment is denied without prejudice, subject to re-filing based on the

11  scope of the soon-to-be amended complaint.").

12      Here, Plaintiff's amended complaint does not alter the positions of the parties

13  or the defenses raised by Defendants in their dispositive motion. (See ECF No. 95.)

14  Plaintiff's supplemental complaint only inserted a new, unserved, and

15  unrepresented party.  Defendants' motion for summary judgment is not contingent

16  on the presence or absence of the new party. Thus, Plaintiff's supplemental

17  complaint does not render Defendants' summary judgment motion moot.

18      A refusal to rule on Defendants' motion for summary judgment, particularly

19  their Eleventh Amendment immunity and qualified immunity defenses, before trial

20  is tantamount to constructive denial of the motion subject to immediate appeal

21  under the collateral order doctrine. *See Est. of Adams*, 133 F.3d 926 (9th Cir. 1998)

22  (unpubl.); *D.C. v. Trump*, 959 F.3d 126, 130 (4th Cir. 2020); *Everson v. Leis*, 556

23  F.3d 484, 492 (6th Cir. 2009); *Zayas-Green v. Casaine*, 906 F.2d 18, 23 (1st Cir.

24  1990); *Smith v. Reagan*, 841 F.2d 28, 31 (2d Cir. 1988); *Helton v. Clements*, 787

25  F.2d 1016, 1017 (5th Cir. 1986).

26      The Court's order did not provide for Defendants' dispositive motion to be

27  re-filed (ECF No. 89), which subjects Defendants to extreme prejudice by depriving

28  them of their right to have their summary judgment motion heard before trial.  *See*

Fed. R. Civ. P. 56. This prejudice is made more significant by the fact that Defendants' motion raised qualified and absolute immunities from suit by Plaintiff that are not contingent on the presence as a named party of Matthew Sigala. Defendants have complied with the Court's scheduling order in all respects, including timely filing and serving its motion for summary judgment. Through no fault of Defendants, they will be deprived of their right to have their motion for summary judgment heard unless the Court grants this *ex parte* application. Defendants will also be deprived of their opportunity to have their immunity defenses considered by the Court before being required to proceed to trial.

## <u>CONCLUSION</u>

Based on the forgoing, Defendants have shown good cause for the Court to grant their *ex parte* application and enter an order vacating the trial date and setting a new pre-trial scheduling order with a new motion for summary judgment deadline, including opposition and reply deadlines.

In the alternative, Defendants have demonstrated good cause for the Court to grant their *ex parte* application for reconsideration of the Court's order denying Defendants' properly noticed motion for summary judgment as moot and to reset the hearing date on Defendants' motion for summary judgment for March 18, 2024, and setting Defendants' reply deadline on March 12, 2024, or on alternative dates as the Court deems appropriate.

1    Dated:  March 7, 2024                    Respectfully submitted,

2                                             ROB BONTA
                                             Attorney General of California
3                                             TYLER V. HEATH
                                             Supervising Deputy Attorney General
4

5
                                             /s/ *Juliet Lompa*
6                                             JULIET LOMPA
                                             Deputy Attorney General
7                                             *Attorneys for Defendants J. Hill and*
                                             *California Department of*
8                                             *Corrections and Rehabilitation*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JULIET LOMPA

I, Juliet Lompa, declare and state:

1.    I am an attorney licensed to practice before all courts in California and before this Court. I am a Deputy Attorney General employed by the Department of Justice, Office of the Attorney General, and I am assigned as one of the attorneys for Defendants in this case. I make the following declaration of facts based upon my own knowledge, as explained below. If called, I can testify competently to the facts contained in this declaration for the reasons discussed below.

2.    On October 26, 2023, the Court granted the parties stipulated request to continue the trial date and revise the scheduling order. Defendants met each of these deadlines set forth in the revised scheduling order, including the deadlines for expert witness disclosures, fact discovery cut-off and the dispositive motion hearing cut-off date of February 26, 2024.

3.    On January 19, 2024, my colleague Robert Henkels and I conducted a meet and confer conference with Plaintiff's counsel pursuant to Local Rule 7-3. We provided the basis for Defendants' motion for summary judgment and responded to Plaintiff's counsel's questions. Before concluding the conference, I requested that Plaintiff's counsel contact our office if Plaintiff was willing to stipulate to any issues or a voluntary dismissal. Thereafter, we did not hear from Plaintiff's counsel.

4.    The Office of the Attorney General does not represent the Estate of Matthew Sigala and is not authorized to accept service of process for it. Defendants have not been provided with any evidence the Estate of Matthew Sigala has been served with the amended complaint.

5.    On March 1, 2024, when Defendants' properly noticed motion for summary judgment was denied as moot due to the Court's granting Plaintiff's *ex parte* request to amend her complaint to add a new defendant, my colleague and I were under the impression the trial date would be vacated and the pre-trial trial deadlines would be reset in order to allow for time to serve the new party and to

allow Defendants' to re-file their motion for summary judgment. On March 5, 2024, I contacted the Deputy Clerk and inquired about an order vacating the trial date, at which time I was informed the court did not intend to continue the trial schedule.

6.    On March 6, 2024, I provided Plaintiff with notice of Defendants' intent to file this ex parte application.  Plaintiff has not indicated whether she opposes this application. A true and correct copy of this notice and the parties subsequent email exchange is attached hereto as Exhibit A.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Executed on March 7, 2024, in San Francisco, California.


_____
Juliet Lompa

# Exhibit A

| **From:** | Juliet Lompa |
|---|---|
| **To:** | "Ryan Duckett"; Rodney S. Diggs |
| **Cc:** | Robert Henkels; Alice D. Williams |
| **Subject:** | RE: Cifuentes v. Hill 22-cv-00062-JGB-SP |
| **Date:** | Wednesday, March 6, 2024 6:22:00 PM |
| **Attachments:** | image004.png |
| | image005.png |
| | image006.png |
| | image008.png |

Ryan,

As addressed in Defendants' motion for summary judgment, Defendants dispute CDCR is accountable for Sigala's misconduct.

Based on the Chino Police Department's report, Sigala's last known address is:



Can you please advise if Plaintiff will stipulate to our ex parte application or whether Plaintiff objects?

Kind regards,
Juliet

---

**From:** Ryan Duckett <RDuckett@imwlaw.com>
**Sent:** Wednesday, March 6, 2024 5:08 PM
**To:** Juliet Lompa <Juliet.Lompa@doj.ca.gov>; Rodney S. Diggs <RDiggs@imwlaw.com>
**Cc:** Robert Henkels <Robert.Henkels@doj.ca.gov>; Alice D. Williams <AWilliams@imwlaw.com>
**Subject:** RE: Cifuentes v. Hill 22-cv-00062-JGB-SP

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel – Given that Matthew Sigala was your client's employee at the time of the incident, CDCR is accountable for his misconduct, and therefore, we need you to provide us with Matthew Sigala's last home address. The documents that you provided with his last home address were redacted. Therefore, we need you to immediately produce the address or an unredacted version of that production.

Thank you,
Ryan



**Ryan Duckett | Senior Associate**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, 18th Floor

Exhibit A
12

Los Angeles, CA 90071
Phone: (213) 489-0028
RDuckett@imwlaw.com | www.imwlaw.com
*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**

This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**

Ryan Duckett and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

**From:** Juliet Lompa <Juliet.Lompa@doj.ca.gov>
**Sent:** Wednesday, March 6, 2024 3:07 PM
**To:** Ryan Duckett <RDuckett@imwlaw.com>; Rodney S. Diggs <RDiggs@imwlaw.com>
**Cc:** Robert Henkels <Robert.Henkels@doj.ca.gov>; Alice D. Williams <AWilliams@imwlaw.com>
**Subject:** RE: Cifuentes v. Hill 22-cv-00062-JGB-SP

Ryan and Rodney,
We are writing to follow up on your email below wherein you state Cifuentes contests continuing the trial date, and to provide you with our *ex parte* notice.

Tomorrow, Defendants intend to file an *ex parte* application to modify the pretrial schedule and vacate the trial date so that Defendants' motion for summary judgment can be heard before trial. It would not only be extremely prejudicial to Defendants to proceed to trial without having their properly noticed motion for summary judgment heard, it would also constitute reversible error. Alternatively, we will ask the court to maintain the trial date and set an expedited schedule to rule on the MSJ before the trial date. We may also seek reconsideration and clarification of the Court's order dated March 1, 2024, ECF No. 89.

Also, we do not represent Sigala or his Estate, and we are not authorized to accept service of process for either. Has the Estate has been served with the amended complaint? Regardless, Defendants' defenses to Plaintiff's complaint do not hinge on the presence of Sigala or the Estate.

Please advise if you will stipulate to modify the pre-trial schedule and vacate the trial date. Alternatively, please advise if you will stipulate to an expedited schedule for the Court to rule on Defendants' MSJ before the April 2, 2024 trial date.

Please let us know if you would like to further discuss this email.

Exhibit A
13

Kind regards,
Juliet

**Juliet M. Lompa** *she/her*

**Deputy Attorney General | California Department of Justice**

Correctional Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco, CA
94102

*t* (925) 639-6735 | *e* juliet.lompa@doj.ca.gov

Send large documents: Here



---

**From:** Ryan Duckett <RDuckett@imwlaw.com>
**Sent:** Tuesday, March 5, 2024 2:28 PM
**To:** maynor_galvez@cacd.uscourts.gov
**Cc:** Robert Henkels <Robert.Henkels@doj.ca.gov>; Rodney S. Diggs <RDiggs@imwlaw.com>; Juliet
Lompa <Juliet.Lompa@doj.ca.gov>; Alice D. Williams <AWilliams@imwlaw.com>
**Subject:** RE: Cifuentes v. Hill 22-cv-00062-JGB-SP

> EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that
> appear suspicious.

Dear Deputy Clerk Galvez –

Plaintiff Canela CiFuentes Catalan contests continuing the trial date. Plaintiff is *ready* to
proceed on schedule, and her witnesses have made themselves available.

The forthcoming amended complaint and facts are identical to the First Amended Complaint.
As indicated in the Court's Order to substitute, the only change is substituting Officer
Matthew Sigala with the name "Doe Officer 1", who was specified with particularity
throughout the First Amended Complaint [Dkt 33-1]. Therefore, there is no prejudice
whatsoever by keeping the trial on schedule.

Additionally, the parties finished discovery and Defendant has already articulated their
reluctance to continue the discovery cut-off, to which Plaintiff now agrees. Moreover,
subpoenas have already been circulating and everyone has successfully arranged their
calendars in accordance with the upcoming trial date.

Accordingly, and consistent with the purposes of judicial economy, this case should move
forward as scheduled with the Pretrial Conference set for March 18 and the trial set to

commence on April 2, 2024.

Very sincerely
Ryan Duckett
Rodney S. Diggs
Counsel for Plaintiff
Canela CiFuentes Catalan



**Ryan Duckett | Senior Associate**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, 18th Floor
Los Angeles, CA 90071
Phone: (213) 489-0028
RDuckett@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Ryan Duckett and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

**From:** Juliet Lompa <Juliet.Lompa@doj.ca.gov>
**Sent:** Tuesday, March 5, 2024 2:15 PM
**To:** maynor_galvez@cacd.uscourts.gov
**Cc:** Robert Henkels <Robert.Henkels@doj.ca.gov>; Rodney S. Diggs <RDiggs@imwlaw.com>; Ryan Duckett <RDuckett@imwlaw.com>
**Subject:** Cifuentes v. Hill 22-cv-00062-JGB-SP

Dear Deputy Clerk Galvez,

We are writing to inquire whether the Court will be vacating the April 2, 2024 trial date and the March 18, 2024 pre-trial conference hearing following its order granting Plaintiff leave to

Exhibit A
15

amend her complaint and vacating the hearing date on Defendants' motion for summary
judgment. (ECF No. 89). Or, do the parties need to file a request to vacate these dates?

Thank you,
Juliet

**Juliet M. Lompa** *she/her*

**Deputy Attorney General | California Department of Justice**

Correctional Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco, CA
94102

*t* (925) 639-6735 | *e* juliet.lompa@doj.ca.gov

Send large documents: Here



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or
legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized
interception, review, use or disclosure is prohibited and may violate applicable laws including the
Electronic Communications Privacy Act. If you are not the intended recipient, please contact the
sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain
confidential and/or legally privileged information. It is solely for the use of the intended
recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate
applicable laws including the Electronic Communications Privacy Act. If you are not the
intended recipient, please contact the sender and destroy all copies of the communication.

# CERTIFICATE OF SERVICE

Case Name:  ***Cifuentes Catalan, Canela v.***        Case No.    **5:22-cv-00062-JGB-SP**
            ***James S. Hill, et al.***

I hereby certify that on <u>March 7, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1. **DEFENDANTS' EX PARTE APPLICATION FOR ORDER VACATING THE TRIAL DATE AND SETTING A NEW PRE-TRIAL SCHEDULING ORDER TO HEAR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE COURT'S ORDER DATED 3-1-24 (ECF NO. 89) AND TO RESET THE HEARING DATE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT HEARING BEFORE TRIAL; AND DECLARATION OF JULIET LOMPA**

2. **[PROPOSED] ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION RE: HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 7, 2024</u>, at San Francisco, California.

| | |
|---|---|
| M. Mendiola | |
| Declarant | Signature |

LA2022601085
44090211.docx