**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**RYAN DUCKETT, Esq. (SBN 288750)**
Email: RDuckett@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552

Attorneys for Plaintiff, CANELA CIFUENTES CATALAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANELA CIFUENTES CATALAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>Warden JAMES S. HILL, individually and in his official capacity; THE STATE OF CALIFORNIA acting by and through  THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; a California Public Entity; DOE OFFICER 1; individually and in his official capacity; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: 5:22-cv-00062-JGB-SP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO VACATE TRIAL AND SET NEW DATE FOR MOTION FOR SUMMARY JUDGMENT; AND DECLARATION OF RYAN DUCKETT, ESQ.**<br><br>**PTSC Date: March 18, 2024**<br>**Time: 1:30 p.m.**<br>**Courtroom: 1 (2nd Floor)**<br><br> **Trial Date**: April 2, 2024 |

TO THIS HONORABLE COURT, TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

    PLAINTIFF CANELA CIFUENTES CATALAN hereby submits this

opposition against Defendants WARDEN J. HILL, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, and MATTHEW SIGALA's *ex parte* application to continue the trial and reschedule a new motion for summary judgment hearing date.

This opposition is based on the following memorandum of points and authorities, the supporting declaration of Ryan Duckett, Esq., and any oral argument that may be presented to the Court.

Dated: March 8, 2024

**IVIE McNEILL WYATT PURCELL & DIGGS**

By: _/s/ **Ryan Duckett**_
**RODNEY S. DIGGS, ESQ.**
**RYAN DUCKETT, ESQ.**
Attorneys for Plaintiff
CANELA CIFUENTES CATALAN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff contends that this case is ripe for trial and should proceed with the scheduled Pretrial Conference on March 18, 2024 and trial on April 2, 2024. Plaintiff does not anticipate this trial last more than three (3) days. Plaintiff intends to call only three or four witnesses for her case in chief, and is ready to proceed on time.

Defendants' *ex parte* application is untimely, because Defendants knew that Plaintiff was going to amend her First Amended Complaint ("FAC") no later than February 14, 2024, when Plaintiff's counsel sent a meet and confer letter to Defendants' counsel stating that "Plaintiff seeks an order from the Court amending the First Amended Complaint to substitute all references to 'Doe Officer 1'…with the name Matthew Sigala." [Duckett Decl. 2]. More importantly, Defendants alleged to have known that Matthew Sigala was liable for sexual assault against Plaintiff no later than July 14, 2023. Accordingly, Defendants have not alluded to an exigent circumstance that they did not cause themselves, and therefore, only Plaintiff stands to suffer prejudice if she does not get her day in Court as scheduled on April 2, 2024.

With respect to the Court's recent ruling on Defendants' Motion for Summary Judgment ("MSJ"), the motion was not case dispositive, failed to specifically address the claims against Defendants, are moot in light of decedent Sigala being implicated and CDCR's employee under the supervision of J. Hill. Any additional briefing would be extremely prejudicial against Plaintiff, and u undermines her right to have her fair day in Court. Further, Defendants' request is frivolous because CDCR has an obligation to defend decedent Sigala, and had every opportunity to litigate on behalf of "DOE OFFICER 1" (who was individually named), since outset of the case.

## II.    ARGUMENT

### A.    Defendants' Application Contradicts Their Litigation Stance, and Contradicts Their Opposition to Plaintiff's *Ex Parte* to Include Matthew Sigala by Name

Defendants' opposition to Plaintiff's *ex parte* application to amend the First Amended Complaint vigorously fought against allowing Plaintiff's to amend the FAC on the basis that Plaintiff "filed her complaint on January 11, 2022, and thereafter alleging that "Plaintiff has been in possession of OIA's investigative report and associated exhibits since July 14, 2023, which identified Matthew Sigala as the officer alleged to have engaged in staff sexual misconduct with Plaintiff." [Dkt 65, p.4]. Defendants' argument then, defeats Defendants' position now. Here, Defendants claim no connection to Matthew Sigala with respect to liability, but there, Defendants claim Plaintiff should have identified Matthew Sigala as CDCR's employee. Regardless of when Plaintiff's finally confirmed Matthew Sigala as the sexual assaulter in late December 2023, Defendants certainly knew of Matthew Sigala's name and sexual misconduct well before July 14, 2023. Defendants cannot assert that they did not know of Matthew Sigala's misconduct. CDCR and J. Hill were on constructive notice based on their own document production and their own Persons Most Knowledgeable ultimately produced at deposition – namely, Office of Internal Affairs, Agent Jessie Ferguson.

CDCR's counsel Robert Henkel's  stated in his declaration "On July 14, 2023, Defendants' served Plaintiff with the Office of Internal Affair's (OIA) Investigation Report and exhibits which ***clearly identified Matthew Sigala*** as the officer who was alleged to have sexually assaulted Plaintiff." [Dkt. 63 p.3, & 64, paragraph 3].  Although Matthew Sigala's identity was not clear to Plaintiff then, Defendants' counsel certainly admits that it was clear to Defendants. Accordingly, it would be unjust to disregard Defendants' counsel's concessions of notice

4

regarding Matthew Sigala. Defendants cannot articulate a justified reason to continue the trial except for a reason caused by their own concealment or faults. Accordingly, the longer that CDCR knew or should have known that Matthew Sigala was "DOE OFFICER 1" identified in Plaintiff's FAC, further supports why Defendants should be prepared to go forward with trial as scheduled on April 2, 2024.

In addition to the foregoing, Defendants have been strict and impermeable on their position to keep the current discovery schedule, motion for summary judgment briefing schedule and the trial date. Notably, Plaintiff originally wanted: (1) to continue the fact discovery cut-off; (2) continue the expert discovery cut-off; and (3) extend the motion for summary judgment briefing schedule. But to the contrary, Defendants resisted by: (1) refusing any further fact discovery continuances; (2) filing their Motions *in Limine* Nos. 1 & 4 to exclude Plaintiff's expert and rebuttal witnesses, Dr. Ashok and Dr. Cooley-Strickland [Dkt. Nos. 67 & 70]; and opposing Plaintiff's request for a short briefing continuance and MSJ hearing date based on the ongoing trial Plaintiff's lead counsel was handling for the *Zaragoza v. County of Riverside, et al.* trial, with case no. 5:20-cv-01381 SSS-SP [*see* Dfts' *ex parte* opp. Dkt No. 61]. Only now, do Defendants seek continuances as they find suitable for them on the eve of trial for a case they have been actively litigating since "Plaintiff filed her complaint on January 11, 2022." Accordingly, Defendants again take competing and contradicting positions on their efforts to defend by insisting on plowing forward, but now requesting postponement. For these reasons, Defendants should not have relief from the scheduled trial as a consequence of their own actions. "Justice too long delayed is justice denied."

- *Martin Luther King, Jr.*

///

///

5

**B.    Defendants' Application Contradicts the Court's Order Mooting the Motion for Summary Judgment**

Defendants Motion for Summary Judgment failed on multiple levels. Frankly, Defendant CDCR has litigated this case adamantly in its defense since the outset. Plaintiff's opposition to the MSJ properly sorts out that issue and illustrates CDCR's unequivocal waiver to any Eleventh Amendment immunity. [Dkt No. 86, p.9]. Giving Defendants extended time to respond to the opposition and giving Defendants another attempt to rearticulate their MSJ position is grossly prejudicial to Plaintiff. Defendants' had ample time to prepare a fully comprehensive MSJ, and to prepare a defense for each of them, including Matthew Sigala. They failed to do so. Accordingly, Defendants' request to reschedule their moot MSJ must be denied.

The MSJ was never case dispositive, and all claims against Sigala and the other Defendants are viable. Significantly, this Court already ruled on the MSJ. A hearing was not necessary because Matthew Sigala's Estate became a named party. The MSJ only attempted to exonerate CDCR and J. Hill from liability, but it completely ignored all the claims asserted against DOE OFFICER 1. The Court was correct in finding that "the motion for summary judgment (Dkt. No. 59) is DENIED AS MOOT." [Dkt. No. 89]. Accordingly, the Court determined that there are sufficient material issues for a trier of facts to hear this case at trial. Therefore, the April 2, 2024 trial should remain on scheduled, at the convenience of the Court's calendar.

**C.    Defendants CDCR and J. Hill Are Liable for Plaintiff's State Claims Against CDCR's Decedent Employee Matthew Sigala**

Public employers are vicariously liable for public employees' liability under California State causes of action. Two claims, among others, asserted against Defendants CDCR and J. Hill are under Cal. Gov. Code section 815.2 which provides:

"(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

"(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (§ 815.2.)

In the absence of statutory immunity, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." (§ 820, subd. (a)). "Thus, 'the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person [] and the public entity is vicariously liable for any injury which its employee causes [] to the same extent as a private employer.'" (*Hoff v. Vacaville Unified School Dist.* (1998) 19 Cal.4th 925, 932; *cited by Dickerson v. Department of Corrections and Rehabilitation, et al.* (April 19, 2021) Kern County, 2021 WL 1526756.

Matthew Sigala, Warden J. Hill and CDCR are not immune from California Government Code § 815.2, especially after CDCR waived any government immunity by aggressively litigating its defense and discovery in this case above and beyond the outset of Plaintiff filing her initial Complaint on January 11, 2022.

Moreover, Plaintiff's fourth and sixth causes of action allege battery and negligence under both §§ 815.2 and 820(a). Plaintiff adequately alleges negligence and battery with precise acts and omissions alleged to constitute the breach of duty and the unlawful touching, and these claims are pleaded with particularity. From a practical standpoint, CDCR must represent Matthew Sigala on multiple counts for the sexual assault committed against Plaintiff. CDCR assumes the position that it does not have this obligation codified in the California Government Code.

Moreover, forcing the Estate of Matthew Sigala (assuming he has an estate) to join this action with its own counsel and to litigate this action all over again would be a violation of the principles of judicial economy, prejudice to Plaintiff, and unfair to the estate itself, given that CDCR must cover its employees operating in the scope and course of their employment and operating under the color of law. Significantly, Plaintiff only asserts claims against Sigala in his capacity as an officer and while working, not outside of his capacity as a CDCR employee. Therefore, the estate, if any, has no implication in this case outside of the name decedent Matthew Sigala, Corrections Officer for CDCR.

Significantly, Defendants' MSJ does not contest the adequacy of how the claims were pleaded. Accordingly, the claims withstand the MSJ, survive against any objection, are viable against each Defendants and most definitely Matthew Sigala, and therefore, are actionable and should go forward at trial on schedule— set for April 2, 2024.

///

///

///

///

///

///

///

///

///

///

///

///

///

8

**D.    Defendants' Meet and Confer Efforts Via E-mail Only Are the Same Meet and Confer Efforts to which Defendants Objected to When Plaintiff E-mailed Defendants for Plaintiff's *Ex Parte* Application**

Despite objecting to the substance, Plaintiff is not necessarily objecting to Defendants manner of simply sending an e-mail to continue the trial and MSJ briefing schedule via an *ex parte* application. Defendants, however, objected to Plaintiff's meet and confer via e-mail the day before filing the *ex parte* application to continue the MSJ briefing schedule. [Dkt. 61, p.5, Section II]. Defendants alleged that it was in violation of Rule 7-19. Here, however, Defendants did the exact same thing by e-mailing—not calling—Plaintiff's counsel the day before filing their instant *ex parte* application to continue the trial. [Duckett Decl. 3]. The main point is of a practical nature illustrating Defendants' double-standards throughout this action.

Dated: March 8, 2024

        **IVIE McNEILL WYATT PURCELL & DIGGS**

        By:   */s/ **Rodney S. Diggs***
        **RODNEY S. DIGGS, ESQ.**
        **RYAN DUCKETT, ESQ.**
        Attorneys for Plaintiff
        CANELA CIFUENTES CATALAN

## DECLARATION OF RYAN DUCKETT, ESQ.

I, Ryan Duckett, declare as follows:

1.      I am an attorney for Ivie McNeil Wyatt Purcell & Diggs, APC, counsel of record for Plaintiff Canela CiFuentes Catalan. I have personal knowledge of the following facts and could and would testify thereto competently under oath.

2.      I informed Defendants that Plaintiff was seeking to amend her First Amended Complaint on February 14, 2024, when I submitted a meet and confer letter to Defendants' counsel stating that "Plaintiff seeks an order from the Court amending the First Amended Complaint to substitute all references to 'Doe Officer 1'…with the name Matthew Sigala." A true and correct copy of the meet and confer letter is attached hereto as **Exhibit "A."**

3.      Defendants' counsel's opposition to Plaintiff's *ex parte* application to add Matthew Sigala to the litigation as a named defendant stated that Plaintiff's counsel failed to comply with Rule 7-9's meet and confer requirements because counsel e-mailed Defendants what is attached hereto as Exhibit A. Defendants' counsel, however, did the exact same thing by e-mailing—not calling—Plaintiff's counsel the day before filing their instant *ex parte* application to continue the trial and reset an MSJ briefing schedule.

I hereby declare under the penalties of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of March, 2024.

/s/ Ryan Duckett
RYAN DUCKETT, ESQ