UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-0062 JGB (SPx)** | Date | October 22, 2024 |
| Title | *Canela Cifuentes Catalan v. James S. Hill, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiff's Motion for Reconsideration (Dkt. No. 153); (2) VACATING the October 28, 2024 Hearing (IN CHAMBERS)

Before the Court is plaintiff Canela Cifuentes Catalan's ("Cifuentes" or "Plaintiff") motion for reconsideration. ("Motion," Dkt. No. 153.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **DENIES** the Motion. The October 28, 2024 hearing is **VACATED**.

## I. BACKGROUND

On January 11, 2022, Plaintiff filed a complaint against defendants James S. Hill ("Hill"), in his individual and official capacity; the State of California acting by and through the California Department of Corrections and Rehabilitation ("CDCR"); Doe Officer 1 individually and in his official capacity; and Does 1 through 100, inclusive. ("Complaint," Dkt. No. 1.)

On January 26, 2024, defendants CDCR and Hill ("MSJ Defendants") filed a motion for summary judgment. ("First MSJ," Dkt. No. 59.) On February 14, 2024, Plaintiff filed an ex parte application to substitute Matthew Sigala ("Sigala") for Doe Officer 1. ("Application," Dkt. No. 63.) On February 15, 2024, the MSJ Defendants opposed the Application. (Dkt. No. 65.) On February 16, 2024, the Court ordered Plaintiff to respond with supplemental information no later than February 26, 2024—Plaintiff timely complied. (Dkt. Nos. 66, 80.) On February 26, 2024, Plaintiff opposed the First MSJ. (Dkt. No. 86.) On March 1, 2024, the Court granted the Application, ordered Plaintiff to file an amended complaint, and denied as moot the

First MSJ. ("March 1 Order," Dkt. No. 89.) On March 5, 2024, Plaintiff filed a first amended complaint. ("FAC," Dkt. No. 95.)

The FAC alleges seven claims: (1) excessive force, sexual assault under 42 U.S.C. § 1983 ("Section 1983") ("Claim One"); (2) unconstitutional policy, practice, or custom under Section 1983 ("Claim Two"); (3) failure to intervene to prevent civil rights violations under Section 1983 ("Claim Three"); (4) battery ("Claim Four"); (5) sexual battery ("Claim Five"); (6) negligence ("Claim Six"); and (7) intentional infliction of emotional distress ("IIED") ("Claim Seven"). (See FAC.) The FAC was brought against the MSJ Defendants, and the Estate of Matthew Sigala, on behalf of Matthew Sigala individually and in his official capacity ("Estate"). (Id.)

On March 22, 2024, the MSJ Defendants filed a second motion for summary judgment. ("Second MSJ," Dkt. No. 106.) On April 30, 2024, the Court granted the Second MSJ and dismissed the MSJ Defendants. ("MSJ Order," Dkt. No. 119.)

On May 14, 2024, the Estate was served with the summons and FAC. ("Proof of Service," Dkt. No. 126.) The Estate did not file an answer or responsive pleading by the June 4, 2024 deadline. (See id.) On June 21, 2024, the clerk entered default as to the Estate pursuant to Federal Rule of Civil Procedure 55(a). ("Default," Dkt. No. 133.) On June 24, 2024, Plaintiff filed an application for default judgment, seeking $9,000,000.00 in damages. ("First MDJ," Dkt. No. 135.) In support, Plaintiff filed the following:

- Declaration of Canela Cifuentes Catalan (Dkt. No. 135-1);
- Declaration of Robert van Pelt (Dkt. No. 135-2); and
- Declaration of Rodney S. Diggs with attached exhibits (Dkt. No. 135-3).

On July 16, 2024, the Court denied the First MDJ without prejudice because Plaintiff did not satisfy the procedural requirements for entry of default judgment. ("First MDJ Order," Dkt. No. 143 at 3-4.) The Court also warned Plaintiff of the motion's substantive deficiencies: "While the Court will not wade into the merits of the Motion, it notes that Plaintiff fails to address the majority of the Eitel factors and as such, the Motion is unlikely to succeed. Should Plaintiff re-file the Motion, she must directly address how and why default judgment is warranted, otherwise the Court will likely deny the Motion without an opportunity to re-file." (Id. at 4.) The Court granted Plaintiff the opportunity to file a renewed motion for default by July 24, 2024. (Id.)

On July 24, 2024, Plaintiff filed an amended application for default judgement, again seeking $9,000,000.00 in damages. ("Second MDJ," Dkt. No. 145.) In support, Plaintiff filed the following:

- Declaration of Canela Cifuentes Catalan (Dkt. No. 145-1);
- Declaration of Robert van Pelt (Dkt. No. 145-2);
- First Declaration of Rodney S. Diggs with attached exhibits (Dkt. No. 145-3); and
- Second Declaration of Rodney S. Diggs with attached exhibits (Dkt. No. 145-4).

On August 26, 2024, the Court denied the Second MDJ. ("Denial and Dismissal," Dkt. No. 152.) The Court found that while Plaintiff satisfied the procedural requirements for entry of default judgment, Plaintiff again failed to address the Eitel factors, connect Plaintiff's allegations to the elements of her claims, or cite to any relevant authority. (Id. at 4.) Plaintiff's Second MDJ was an exact replica of the First MDJ, with no additions or changes. (Id.) The Court found that it could not "assess the merits of Plaintiff's claims and the sufficiency of her complaint." (Id.) As a result of Plaintiff's failure to comply with the Court's First MDJ Order and failure to properly prosecute her case, the Court dismissed the Complaint as to the Estate without leave to amend. (Id. at 5.)

On September 3, 2024, Plaintiff filed the instant motion for reconsideration. (Motion.) In Support, Plaintiff filed the following:

- Declaration of Rodney S. Diggs with attached exhibits ("Diggs Decl.," Dkt. No. 153-1); and
- Declaration of Ryan Duckett ("Duckett Decl.," Dkt. No. 153-2).

## II.    LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for a 'Motion for Reconsideration' but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment," Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998), provided a judgment has been entered. Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Absent 'other, highly unusual, circumstances,' reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law." Crane-McNab v. Cnty. of Merced, 773 F. Supp. 2d 861, 874 (E.D. Cal. 2011) (quoting Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Rule 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7–18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." <u>Tawfilis v. Allergan, Inc.</u>, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18.

Motions to reconsider are committed to the discretion of the trial court. <u>Arteaga v. Asset Acceptance, LLC</u>, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enterprises, Inc. v. Est. of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

### III.  DISCUSSION

Plaintiff moves for a reconsideration of the Denial and Dismissal, arguing that "due to counsel's mistake, inadvertence and clear error in failing to present the Court with satisfactory legal authority or analysis, the Court erroneously disregarded Plaintiff's evidence and dismissed her action causing irreversible harm and prejudice to Plaintiff." (Motion at 6.) Counsel for Plaintiff, Rodney S. Diggs, filed a declaration in support stating, "I was out of the country and was unable to review and approve the [Second MDJ] prior to it being filed." (Diggs Decl. ¶ 21.) Associate Ryan Duckett, who prepared the Second MDJ, blames the deficiency on his "hastily skim[ing]" the Court's First MDJ Order. (Duckett Decl. ¶¶ 2, 6.) These are neither satisfactory explanations for failing to follow the Court's order nor sufficient bases for reconsideration.

Plaintiff was afforded two opportunities to make a meritorious claim for default judgment. Moreover, the Court cautioned Plaintiff regarding her First MDJ's deficiencies and fulfilled its "obligation to warn the plaintiff that dismissal is imminent." <u>Oliva v. Sullivan</u>, 958 F.2d 272, 274 (9th Cir. 1992); <u>see also</u> <u>Ferdick</u>, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less

drastic sanctions] requirement.'"). The Court based its Denial and Dismissal on all the facts and arguments presented in Plaintiff's Second MDJ, including Plaintiff's exhibits and Plaintiff's repeated failure to analyze the <u>Eitel</u> factors. (<u>See</u> Denial and Dismissal.) In the Motion, Plaintiff does not present any additional evidence or legal analysis that would warrant a different outcome. (<u>See</u> Motion.) A recitation of the procedural history and factual allegations does not constitute a proper basis for reconsideration. Accordingly, the Court **DENIES** Plaintiff's Motion.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. The October 28, 2024 hearing is **VACATED**.

**IT IS SO ORDERED.**